UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPSON STRONG-TIE COMPANY, INC, <br><br> Plaintiff, <br><br> v. <br><br> OZ-POST INTERNATIONAL, LLC, <br><br> Defendant. | Case No. 3:18-cv-01188-WHO <br><br> **ORDER ON MOTION TO COMPEL SUPPLEMENTAL INFRINGEMENT CONTENTIONS** <br><br> Re: Dkt. No. 59 |

## INTRODUCTION

This case involves a patent dispute between competitors Simpson Strong-Tie Company, Inc. ("Simpson") and Oz-Post International LLC dba OZCO Building Products ("OZCO"). The pending motion requires me to decide whether OZCO has produced infringement contentions that comply with the Northern District of California's Patent Local Rules. OZCO did produce adequate infringement contentions—but only after the instant motion was filed, and only informally. Accordingly, I will grant Simpson's motion and order OZCO to formally produce its latest round of contentions.

## BACKGROUND

Both Simpson and OZCO design and manufacture connectors and anchors for the construction industry. Second Amended Complaint ("SAC") ¶ 3; Answer to SAC ("Answer") [Dkt. No. 53] ¶ 48. OZCO is the sole assignee of the two patents at issue in this case: United States Patent Numbers 9,957,998 ("the '998 Patent") and D798,701 ("the '701 Patent").

In February 2017 and January 2018, OZCO sent demand letters asserting that Simpson's structural screw and hex-head washer installation ("the Accused Instrumentality") infringed the

'701 Patent.[1]  On February 23, 2018, Simpson filed this action, seeking declaratory judgment of noninfringement along with an order declaring the '701 Patent invalid.  Complaint [Dkt. No. 1].  On May 18, 2018, Simpson amended its complaint to add a false advertising claim, First Amended Complaint [Dkt. No. 22], and on August 31, 2018, it amended to add the '998 Patent.[2]  Second Amended Complaint ("SAC") [Dkt. No. 52].

OZCO first served infringement contentions on September 25, 2018.  Motion to Compel ("Mot. to Compel") Ex. A (Defendant's Asserted Claims and Infringement Contentions) [Dkt. No. 59-1] ECF pages 4–18.  By letter dated October 5, Simpson informed OZCO that its contentions failed to comply with Patent Local Rule 3-1(c) because they compared the Accused Instrumentality to only one figure from the '701 Patent, which includes five figures.  Mot. to Compel Ex. G, ECF pages 108–10.  OZCO then filed first supplemental infringement contentions on October 12.  Mot. to Compel Ex. H, ECF pages 111–19.  On October 17, Simpson wrote a letter asserting that these contentions were also deficient.  Mot. to Compel Ex. I, ECF pages 120–22.  While the contentions incorporated all five images from the '701 Patent, they made comparisons not with the Accused Instrumentality but with a different patent assigned to Simpson.  *Id.*  By letter dated October 24, OZCO expressed its view that its contentions fully complied with Patent Local Rule 3-1(c) because Simpson had held the design patent out as "very similar to the Accused Products" in a prior filing in this case.[3]  Mot. to Compel Ex. J, ECF pages 123–25 (internal quotation marks omitted).

On November 19, 2018, Simpson filed this motion to compel, at which point OZCO "informally provided a draft second supplemental claim chart."  Opposition to Mot. to Compel ("Oppo.") [Dkt. No. 69] 3.  This chart compares each of the '701 images to illustrations of the

---

[1] The '998 Patent did not issue until May 1, 2018.  Answer ¶ 15.

[2] On May 1, 2018 (the day the '998 Patent issued), OZCO filed a complaint in the Eastern District of Texas alleging infringement of both the '701 and '998 Patents.  Answer ¶ 15.  After I denied OZCO's motion to transfer this case to that district, Dkt. No. 47, OZCO voluntarily dismissed that action without prejudice.  Answer ¶ 15.

[3] Simpson made this representation in its opposition to OZCO's motion to transfer.  Opposition to Motion to Transfer [Dkt. No. 39] 3.

2

Accused Instrumentality. Oppo. Ex. A. Simpson argues that these contentions remain deficient. Reply [Dkt. No. 70] 2–5.

**LEGAL STANDARD**

"Patent Local Rule 3 requires patent disclosures early in a case and streamlines discovery by replacing the series of interrogatories that parties would likely have propounded without it." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (internal quotation marks and modifications omitted). The disclosures required under Rule 3 are designed "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006). "They are also designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Golden Bridge Tech. Inc v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) (internal quotation marks omitted); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("The local patent rules in the Northern District of California [require] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.").

Patent Local Rule 3-1 requires a party claiming patent infringement to serve infringement contentions within 14 days of the initial case management conference. Patent L.R. 3-1. Among other requirements, the contentions must include:

> A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

Patent L.R. 3-1(c). Rule 3-1 does not "require a plaintiff to prove its infringement case." *Tech. Licensing Corp. v. Grass Valley USA, Inc.*, No. 12-cv-06060-PSG, 2014 WL 3752108, at *2 (N.D. Cal. July 30, 2014) (internal quotation marks omitted). But "all courts agree that the degree of

United States District Court
Northern District of California

1  specificity under [Rule 3-1] must be sufficient to provide reasonable notice to the defendant why

2  the plaintiff believes it has a reasonable chance of proving infringement," and to "raise a

3  reasonable inference that all accused products infringe." *Shared Memory Graphics LLC v. Apple,*

4  *Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (internal quotation marks omitted).

## DISCUSSION

### I. THE INITIAL AND FIRST SUPPLEMENTAL INFRINGEMENT CONTENTIONS

Simpson asserts that OZCO's initial and first amended infringement contentions fail to comply with the Patent Local Rules because they do not "show specifically where and how OZCO alleges each Accused Instrumentality allegedly reads on Figures 1 through 5 of the '701 Patent." Mot. to Compel 2. OZCO generally counters that Simpson must have reasonable notice of its infringement allegations based on the fact that it filed this declaratory judgment action and that it accurately characterized OZCO's theory of infringement in the motion to compel. Oppo. 5. Contrary to OZCO's arguments, neither its initial nor its first supplemental infringement contentions were adequate.

OZCO's initial infringement contentions only compare the Accused Instrumentality to one image from the '701 Patent rather than all five. *See* Mot. to Compel 8; *id.* Ex. A, ECF pages 4–18. They also show the Accused Instrumentality as installed, which obscures from view its distinct features, namely the extending tube and screw. Mot. to Compel 7; Reply 1. In response OZCO argues, "It is reasonable to assume that, for claim chart purposes, Simpson could extrapolate the comparisons to the top, bottom, and side views." Oppo. 5. But the Patent Local Rules require OZCO to make contentions that "crystallize [its] theories" of infringement; it is not Simpson's burden to extrapolate from limited information OZCO deems appropriate to produce. *See Nova*, 417 F. Supp. 2d at 1123.

OZCO's first supplemental infringement contentions are inadequate because they compare the images from the '701 Patent with one of Simpson's patents rather than the Accused Instrumentality itself. Mot. to Compel 10–12; *id.* Ex. H, ECF pages 111–19. OZCO argues that Simpson made reference to the patent as "very similar" to the Accused Instrumentality. Oppo. 5. Similarity is insufficient to comply with the Patent Local Rules; these contentions fail to meet the

4

mark.

## II. THE SECOND SUPPLEMENTAL INFRINGEMENT CONTENTIONS

OZCO informally produced second supplement infringement contentions after Simpson filed the instant motion. Two excerpts from the chart are shown below.



In its reply, Simpson argues that these contentions are also inadequate. First, OZCO produced illustrations rather than photographs. Reply 5. Second, the illustrations show certain features[4] with broken lines, which "appears to be an effort to turn the ordinary observer test on its head" because those dissimilar features must remain part of the infringement inquiry. Reply 6–7; *see Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (noting that where there are several elements in the claimed design, "the fact finder must apply the

---

[4] OZCO asserts that these features are "nonornamental." Oppo. 3.

ordinary observer test by comparing similarities in overall designs, not similarities of ornamental features in isolation"). Simpson argues that the elements shown with broken lines—the extending tube and screw—"render [the Accused Instrumentality] plainly dissimilar from the claimed design." Reply 6.

Simpson's arguments about the second supplemental contentions go more to the merits of this patent infringement case than to the adequacy of the contentions themselves. Simpson acknowledges that "[p]hotographs of the Accused Instrumentality compared to each of the five figures of the '701 Patent would satisfy Rule 3-1(c)." Reply 5. It does not assert that the illustrations are somehow inaccurate representations of its product. Whether the lines are broken or solid and whether the images are illustrations or photographs, these contentions give Simpson reasonable notice of OZCO's theory of infringement such that it can mount a defense. While Simpson's dissimilarity arguments could make this claim ripe for summary judgment, they are appropriately addressed only at that stage, not now. *See Shared Memory*, 812 F. Supp. 2d at 1025 (noting that the infringement contentions had given defendants reasonable notice, and their remaining arguments "could well set up an early motion for summary judgment or partial summary adjudication on affected claims").

## CONCLUSION

Given that OZCO only informally produced the second supplemental contentions, Simpson's motion is GRANTED. OZCO is ordered to formally produce its second supplemental infringement contentions within five (5) days of the date of this Order. The January 16, 2019 hearing on this motion is VACATED.

**IT IS SO ORDERED.**

Dated: January 10, 2019

William H. Orrick
United States District Judge